## JAMES E. NOBLE, RESPONDENT, *v.* ELLERY D. CRANDALL AND OTHERS, APPELLANTS.

*Notice of a motion to set aside a judgment upon the ground that the summons was not served upon a defendant — the notice of motion will not be held to be a general appearance in the action although the signature of the attorney be not qualified by a statement that he appears for the purposes of the motion only.*

APPEAL from an order made at Special Term, held in the city and county of Albany, denying the motion of certain of the defendants to set aside, as to them, a judgment entered in the action on the ground that they were not personally served with the summons.

The court at General Term said: " The positive affidavits of the moving defendants show that the summons was not served on them. The affidavit of another defendant shows that the papers were delivered to him to be served on the other defendants, and that he did not serve them. No affidavits are made in reply. It must be taken, then (notwithstanding the formal affidavit of service), that there was no service made. The defendants then had an unqualified right to have the service and the judgment set aside as to them; and the judgment could not stand even as security. The only question is whether any act on their part has waived this right. The Code of Civil Procedure (§ 421) seems to permit only two modes of appearing; the one by a notice of appearance, the other by service of an answer or a demurrer. Whether, under some circumstances, the mere service of a notice of motion might still be considered an appearance we need not say. It has sometimes been held that an appearance by a defendant on a special motion waived previous defects. (*Dole* v. *Manley*, 11 How. Pr., 138; Code of Civil Procedure, § 424.) But here the defendants appeared

for a special purpose, so far as they appeared at all. Their affidavit shows that they claimed that they had not been served, and desired to set aside the judgment on that ground. To hold that this notice of motion was a general appearance, because the attorney did not qualify his signature by saying "attorney for the purpose of this motion only," would be too technical. (*Brett* v. *Brown*, 13 Abb. [N. S.], 295; *Seymour* v. *Judd*, 2 N. Y., 464.) If their motion were granted, there would be no action in which to appear. If it were denied, it would be too late for them to appear; so their notice could not be an appearance.

"We think the order should be reversed, with ten dollars costs and printing disbursements, and the motion granted, with ten dollars costs."

*A. L. Andrews*, for the appellants.

*H. S. Leary*, for the respondent.

Opinion by LEARNED, P. J.; LANDON and INGALLS, JJ., concurred.

Order reversed, with ten dollars costs and printing disbursements, and motion granted, with ten dollars costs.